IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 1, 2021

## TOMMY TAYLOR v. JOHNNY FITZ, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
No. 7169    Joseph H. Walker III, Judge

_____

### No. W2020-01294-CCA-R3-HC

_____

The Petitioner, Tommy Taylor, appeals as of right from the Lauderdale County Circuit Court's summary dismissal of his petition for writ of habeas corpus, in which he contended that his thirteen-year sentence was illegal and that his guilty plea was void because the affidavit of complaint and arrest warrant were not signed by a magistrate or a neutral and detached court clerk. On appeal, the Petitioner contends that summary dismissal was improper and that the petition stated a cognizable claim for habeas corpus relief. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Tommy Taylor, Whiteville, Tennessee, Pro Se.[1]

Herbert H. Slatery III, Attorney General and Reporter, and Jonathan H. Wardle, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

Following a traffic stop on October 5, 2018, the Petitioner fled on foot from the front passenger's side of the vehicle, and the police gave chase. When the Petitioner was apprehended nearby, an officer found twelve individually-wrapped packages of cocaine in

---

[1] Since the filing of his habeas corpus petition, the Petitioner has been transferred to a penal facility in Whiteville, Tennessee, located in Hardeman County. However, at the time of filing, the Petitioner was housed in a facility in Henning, Tennessee, located in Lauderdale County.

the front pocket of the Petitioner's pants. Thereafter, on May 9, 2019, the Petitioner pled guilty as a Range II, multiple offender to possession of 0.5 grams or more of cocaine with the intent to deliver, a Class B felony, and evading arrest, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-17-417, -16-603. For those convictions, the Petitioner received concurrent terms of thirteen years and eleven months and twenty-nine days, respectively.

On September 3, 2020, the Petitioner filed a petition for a writ of habeas corpus, arguing that he was illegally restrained because the affidavit of complaint and the arrest warrant were not signed and dated by a magistrate or a neutral and detached court clerk as required by Tennessee Rules of Criminal Procedure 3 and 4. He further alleged that the prosecutor and defense counsel coerced him into signing an illegal and void guilty plea, knowing that this documentation was not properly signed. In support of his petition, the Petitioner attached what appeared to be a copy of an electronically filled-out affidavit of complaint and arrest warrant, neither of which bore the date or signature from a magistrate or clerk. The Petitioner requested that the charges against him be dismissed.

The habeas corpus court summarily dismissed the petition by written order filed September 9, 2020. The court questioned how the Petitioner "got a copy [of the affidavit of complaint and arrest warrant] before it was signed." Nonetheless, the court noted the case was presented to the grand jury and that the grand jury issued an indictment, "which cured any defect." The court also noted that objections to a charging instrument are waived if not raised before trial. Accordingly, the court held the trial court had jurisdiction to sentence the Petitioner and that he was not entitled to relief. The Petitioner filed a timely notice of appeal.

On appeal, the Petitioner again claims that the arrest warrant and affidavit of complaint, which were not signed, violated the mandatory requirements of Tennessee Rules of Criminal Procedure 3 and 4[2] and were, therefore, defective. The Petitioner submits that the unsigned document could not serve to commence a valid prosecution against him. According to the Petitioner, the indictment "is only a notice of charges," and the habeas corpus court, by determining that a valid indictment cured any defects in the arrest warrant and affidavit of complaint, contravened the authority of the legislature because the legislature made "no mention of an indictment curing defects in an affidavit of

---

[2] Rule 3 states that the affidavit of complaint "is a statement alleging that a person has committed an offense" and that it must be in writing, made on oath before a magistrate or a neutral and detached court clerk authorized by Rule 4 to make a probable cause determination, and allege the essential facts constituting the offense charged. Tenn. R. Crim. P. 3(a). In addition, Rule 4 provides that "[i]f the affidavit of complaint and any supporting affidavits filed with it establish that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate or clerk shall issue an arrest warrant to an officer authorized by law to execute it or shall issue a criminal summons for the appearance of the defendant" and that the "arrest warrant shall . . . be signed by the magistrate or clerk." Tenn. R. Crim. P. (a), (c)(1).

complaint or warrant" when it drafted the Rules of Criminal Procedure. He further contends that an indictment secured by an "unauthenticated affidavit of complaint and warrant" violates due process. The Petitioner also explains that he received the unsigned copy from defense counsel.

The State responds by initially asserting that this court does not have a sufficient record to conclude that the arrest warrant and affidavit of complaint were never signed, noting that a "file-stamped" copy of the document does not appear anywhere in the record. The Petitioner states that at some point in these proceedings, the State produced a document reflecting the necessary signatures, though the Petitioner claims it was forged. However, we are unable to find any such document in the record. The habeas corpus court's order seems to suggest that a signed copy does, in fact, exist. However, because the record is not entirely clear, and because the habeas corpus court did not base its ruling on this fact, we will proceed to address the claim on its merits.[3]

The State also contends that the habeas corpus court aptly reasoned that any defect in the affidavit of complaint and arrest warrant were cured by the return of a valid indictment from the grand jury. We agree with the State.

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A sentence imposed in direct contravention of a statute is illegal and, thus, void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). A

---

[3] Our supreme court has concluded that in the event a petitioner fails to comply with the mandatory procedural requirements of section 29-21-107, a trial court "may . . . afford the petitioner an opportunity to comply with the procedural requirements, or . . . choose to adjudicate the petition on its merits." Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004). Here, the habeas corpus court gave no indication that it was summarily dismissing the petition for any sort of procedural deficiency.

habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109. The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers, 212 S.W.3d at 262.

As for any constitutional claims pertaining to separation of powers or due process, these claims, even if true, would render the Petitioner's judgments voidable, not void. See Hickman, 153 S.W.3d at 19-20 (articulating the difference between petitions for habeas corpus, which may attack void sentences imposed in contravention of statute, and post-conviction petitions, which attack sentences that are void or voidable "because of the abridgement of constitutional rights"). In addition, this court has previously held that an "[a]rrest without a warrant does not per se violate any constitutional right entitling the defendant to post-conviction relief by habeas corpus where he is subsequently convicted upon a valid indictment." Nelson v. State, 470 S.W.2d 32, 33 (Tenn. Crim. App. 1971). The Petitioner's contention that he was arrested on a defective affidavit of complaint and warrant, therefore, would render his judgment voidable, rather than void. See, e.g., James Thomas v. Randy Lee, Warden, No. E2015-02427-CCA-R3-HC, 2016 WL 3996488, at *2 (Tenn. Crim. App. July 21, 2016).

Further, as the State argues, this court has also held that a valid indictment cures any defect in a warrant. See Bobby Scales v. Dwight Barbee, Warden, No. W2012-00163-CCA-R3-HC, 2012 WL 4017375, at *2 (Tenn. Crim. App. Sept. 12, 2012). There is nothing in the record that indicates that the indictments were not timely issued in this case. See James Thomas v. Randy Lee, Warden, No. E2015-02427-CCA-R3-HC, 2016 WL 3996488, at *2 (Tenn. Crim. App. July 21, 2016) (denying habeas relief on the petitioner's claim that the arrest warrant was void when the indictment was issued within the statute of limitations). The Petitioner has failed to establish that his judgments are void or his sentence expired. See Antonio D. Idellfonso-Diaz v. Russell Washburn, Warden, No. M2018-02233-CCA-R3-HC, 2019 WL 3782163, at *2 (Tenn. Crim. App. Aug. 12, 2019) (finding no merit to the petitioner's habeas corpus claim that the trial court lacked jurisdiction to convict or sentence him because there was no arrest warrant issued for his arrest and the indictment was accordingly void); Bruce Elliott v. State, No. M2018-00808-CCA-R3-HC, 2018 WL 6528712, at *2 (Tenn. Crim. App. Dec. 12, 2018) (affirming summary dismissal, reasoning that the petitioner's assertion that the trial court lacked jurisdiction to convict or sentence him because the affidavit of complaint and arrest warrant were never valid due to the missing signature of the magistrate and the affiant was not a cognizable claim for habeas corpus relief). A valid indictment confers jurisdiction on the trial court. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

- 4 -

Accordingly, we agree with the habeas corpus court that the Petitioner has failed to state a cognizable claim for relief. The judgment of the habeas corpus court summarily dismissing the petition is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE